USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/15/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                     :

RAYMOND E. STAUFFER,                  :
                                       :

                Plaintiff,          :        08-cv-10369 (SHS)
                                         :

                -against-           :        MEMORANDUM OPINION
                                         :        & ORDER

BROOKS BROTHERS, INC. and      :
RETAIL BRAND ALLIANCE, INC.      :
                                         :

                Defendants.       :

-------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

        In this qui tam action, pro se plaintiff Raymond E. Stauffer alleges that Brooks

Brothers, Inc. and its parent company, Retail Brand Alliance, Inc. (collectively, "Brooks

Brothers") engaged in false patent marking in violation of section 292 of the Patent Act.

35 U.S.C. § 292. In lieu of an answer, Brooks Brothers moved to dismiss the complaint,

and on May 14, 2009, this Court granted that motion to dismiss, finding that Stauffer

lacked standing to pursue his claims. Stauffer v. Brooks Brothers, -- F. Supp 2d. --, No.

08-cv-10369, 2009 WL 1357954 (S.D.N.Y. May 14, 2009).

        The United States now seeks to intervene, either as of right or with the Court's

permission. The government contends the Court's Opinion dismissing Stauffer's

complaint "draws into question" the constitutionality of section 292 thereby making

intervention necessary to allow it to defend the statute and the government's interest in

seeing the patent laws enforced. If intervention is allowed, the government also seeks

additional time to file a motion for reconsideration of the Court's May 14, 2009 Opinion

dismissing this action.

Brooks Brothers opposes the motion and disputes the government's asserted grounds for permissive or rightful intervention. In particular, Brooks Brothers contests the government's characterization of this Court's Opinion, arguing that the constitutionality of section 292 was never addressed and therefore that the government's interest in seeing that statute upheld is not implicated by the Opinion.

Because the Court finds that the government has no basis to intervene as of right and makes an insufficient showing to warrant permissive intervention, the government's motion is denied.

## I.    BACKGROUND

This case centers on allegations that Brooks Brothers falsely indicated that bow ties it manufactures and sells were covered by three different patents when, in fact, each of those patents expired some time ago. In so doing, Stauffer alleged Brooks Brother violated section 292 of the Patent Act which makes it unlawful to "affix[] to . . . any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public" and authorizes "any person" to sue for damages. 35 U.S.C. § 292(a)-(b).[1]

Brooks Brothers moved to dismiss the complaint pursuant to Rules 12(b)(1) and (b)(6), contending Stauffer lacked standing to proceed, or that his complaint failed to state a claim upon which relief could be granted. Alternatively, Brooks Brothers asked

---

[1] The factual allegations underlying this action are more fully detailed in this Court's Opinion and Order granting defendants' motion to dismiss. See Stauffer v. Brooks Brothers, -- F. Supp 2d. --, No. 08-cv-10369, 2009 WL 1357954 (S.D.N.Y. May 14, 2009)

2

the Court to find the statute unconstitutional and thus unenforceable, and it served timely notice to the United States of the constitutional questions raised.[2]

On May 14, 2009, the Court granted Brooks Brothers' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), finding that Stauffer lacked standing to pursue his claims. The Court's Opinion began with an overview of the relevant law as established by the Supreme Court and Second Circuit, and in particular, the following: first, section 292 is a qui tam provision, see Vermont Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 768 n.1 (2000)), Boyd v. Schildkraut Giftware Corp., 936 F.2d 76, 79 (2d Cir. 1991); second, qui tam plaintiffs, as with all plaintiffs, must meet Article III standing requirements, see Vermont Agency, 529 U.S. at 771; and, third, a qui tam plaintiff meets those requirements when it has been assigned a cognizable claim by an assignor—generally by the government—who itself has standing to sue. Id., see also Conn. v. Physicians Health Care Servs. of Conn., Inc., 287 F.3d 110, 117 n.8 (2d Cir. 2005) (Vermont Agency grants an assignee plaintiff standing only insofar as the "claim" deemed to be assigned meets constitutional standing requirements).

The Court then applied that law in the context of a section 292 claim, looking for a cognizable injury-in-fact to the government (or the public) that had been validly assigned to Stauffer for purposes of establishing his standing as a qui tam plaintiff to proceed on its behalf. Finding no such injury in fact pled by this plaintiff in this case, the Court found Stauffer lacked the "irreducible constitutional minimum" of standing,

---

[2] That notice, which was served on January 21, 2009, required the government to inform the Court on or before March 31, 2009 as to whether or not it would seek to intervene in this action. The government sought several extensions of time, all of which were granted, and the last of which expired May 22, 2009. As discussed further below, because the Court was able to resolve the case without considering or addressing any of Brooks Brothers' constitutional challenges or arguments, it did not await answer from the government as to whether it intended to brief those issues, all of which had been rendered moot by the Court's Opinion.

Vermont Agency, 529 U.S. at 771, and therefore could not proceed in this action. Stauffer, -- F. Supp 2d. at --, 2009 WL 1357954 at *5.  Because the Court found that Stauffer's complaint should therefore be dismissed, it neither reached nor addressed Brooks Brothers' constitutional challenges to section 292.

On May 29, 2009, the government moved to intervene pursuant to Rule 24 and for leave to seek reconsideration of the Court's prior Opinion should intervention be allowed. The government argues, first, that it has a statutory right to intervene because Stauffer's suit is one in which "the constitutionality of [an] Act of Congress affecting the public interest is drawn into question."  28 U.S.C. § 2403(a); Fed. R. Civ. P. 24(a)(1).

Alternatively, the government contends it must be allowed to intervene as of right pursuant to Rule 24(a)(2) because it claims an interest relating to the disposition of this action, and resolution of the action without its participation would impair or impede its ability to protect that interest. Fed. R. Civ. P. 24(a)(2).  Finally, the government argues that even if it is not entitled to intervene as of right, the Court should nonetheless grant permissive intervention because the government has a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).[3] Provided intervention is allowed, the government also seeks leave to file a motion for reconsideration of this Court's Opinion dismissing the complaint.

Brooks Brothers filed its timely opposition to that motion, arguing that intervention as of right was inappropriate because, contrary to the government's assertions, the Court did not address the constitutionality of section 292 and the government had no real interest at stake in the litigation that was not already sufficiently

---

[3] While Rule 24(b)(2)(A) provides for intervention by a "government officer or agency . . . if a party's claim or defense is based on . . . a statute . . . administered by the officer or agency," the government has not moved to intervene on that basis.

4

represented by the parties.  Brooks Brothers also opposes permissive intervention arguing, for similar reasons, that it would be unnecessary and further contending that it would be unduly prejudicial at this late stage.

## II.    DISCUSSION

Unlike the False Claims Act, section 292 of the Patent Act does not require a plaintiff to give the government notice of a proposed qui tam action or the opportunity to take over the action and proceed in its own right.  Cf. Pequignot v. Solo Cup Co., No. 07-cv-897, 2009 U.S. Dist. LEXIS 26020, at * (E.D. Va.  Mar. 27, 2009) (finding section 292 to be a qui tam provision despite "the United States' lack of ability to control a relator's litigation under § 292(b)").  Accordingly, should the government wish to intervene in a section 292 suit, it must seek leave to do so pursuant to Rule 24, and here, the government offers three different grounds upon which such leave should be granted: as of statutory right pursuant to Rule 24(a)(1); otherwise as of right pursuant to Rule 24(a)(2); or with permission pursuant to Rule 24(b).  The Court addresses each in turn.

A.    Intervention as of Statutory Right

Pursuant to 28 U.S.C. § 2403(a), "in any action . . . to which the United States is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn into question, the court . . . shall permit the United States to intervene . . . for argument on the question of constitutionality."  The government contends this case draws into question the constitutionality of section 292 and accordingly, that the Court must allow it to intervene.  See Fed. R. Civ. P. 24(a)(1) (intervention as of right must be granted to any party "given an unconditional right to intervene by a federal statute").

The government's argument fails, however, because neither Stauffer's action nor the Court's Opinion drew the constitutionality of any Act of Congress into question. The Court's Opinion in particular made no findings and reached no conclusions with respect to the constitutionality of section 292. The government's argument—that the "effect of the Court's ruling is to hold the statute unconstitutional as applied" (Gov't Mem. of Law. In Supp. of a Mot. to Intervene dated May 29, 2009 at 2 (emphasis in original))—represents only its own aggressive interpretation of an Opinion which did no more than evaluate the complaint and construe the relevant statute consistent with established case law to find that this plaintiff on these facts lacked standing to proceed.

Moreover, while, as noted, Brooks Brothers raised several challenges to the constitutionality of section 292 in its moving papers, the Court did not address those arguments at any time and did not decide them in its Opinion.[4]

Accordingly, the government's request to intervene as of right pursuant to Rule 24(a)(1) is denied.

### 2.    Intervention as of Right Pursuant to Rule 24(a)(2)

For similar reasons, the Government's motion to intervene as of right pursuant to Rule 24(a)(2) is denied. Intervention as of right must be granted where a party asserts an interest in the action and is so situated that disposition of the action would, as a practical

---

[4] The government argues separately that intervention as of right should be granted to remedy the error it contends the Court committed by ruling on Brooks Brothers' motion before the government's deadline to decide whether or not it would seek to intervene expired. As a matter of law, the argument is unsound: while certification is a duty of the Court in cases raising constitutional questions, "[b]efore the time to intervene expires, the Court may reject the constitutional challenge" so long as it does "not enter a final judgment holding the statute unconstitutional." 6 Moore's Fed. Prac. § 24.02[2][b] (3d ed. 2008); see also Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) ("The purpose of § 2403(a), ensuring that courts not rule on the constitutionality of an Act of Congress without first receiving input from the United States, would not be implicated where a court dismissed an action for lack of plaintiff's own Article III standing. . . . While the United States always maintains a right to intervene pursuant to § 2403(a), this interest dissolves if the action itself is dismissed due to a plaintiff's lack of standing."); Wallach v. Lieberman, 366 F.2d. 254, 257 (2d Cir. 1966) (failure to certify harmless where Court's ruling does not find statute unconstitutional).

matter, impair or impede the movant's ability to protect its interest. Fed. R. Civ. P. 24(a)(1); see also Butler, Fitzgerald, & Potter v. Sequa Corp., 250 F.3d 171, 176 (2d Cir. 2001) (identifying the four criteria a movant must satisfy to intervene as of right: "(1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action: (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by other parties" (citations omitted)). The Government asserts two such interests here: first, an interest in defending the constitutionality of its statute; second, an interest in protecting its own ability to enforce the patent laws.

While both interests might warrant intervention as of right in an action that implicated them, neither is actually at stake here. First, as noted, the Court's Opinion did not draw into question—or pass on, in any respect—the constitutionality of section 292, and accordingly, intervention by the government to defend the constitutionality of section 292 is unnecessary. Second, the government's asserted interest in defending its own ability to enforce its patent laws is equally unavailing because that interest was never at issue in this action. The government's argument—that the "effect of the Court's decision is to deny standing not only to this relator but also to the United States itself" (Gov't Mem. of Law in Supp. of a Mot. to Intervene dated May 29, 2009 at 9 (emphasis in original))—is unfounded. As noted, the issue of the government's ability to bring an action pursuant to section 292 was at no time presented by any party and therefore was not considered or addressed by the Court.

Accordingly, the Court finds no basis for granting the Government's motion to intervene as of right.

7

### 3.    *Permissive Intervention: Rule 24(b)*

Rule 24(b) gives courts discretion to grant "permissive intervention" to any party

that has a "claim or defense that shares with the main action a common question of law or

fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising that discretion, the Rule requires the

district court to evaluate "whether the intervention will unduly delay or prejudice the

adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). A district court has

"broad discretion to deny" a motion to intervene pursuant to Rule 24(b). New York

News v. Kheel, 972 F.2d 482, 487 (2d Cir. 1992); see also United States v. Pitney Bowes,

Inc., 25 F.3d 66, 73 (2d Cir. 1994) ("Reversal of a district court's denial of permissive

intervention is a very rare bird indeed, so seldom seen as to be considered unique.")

The government contends it has a "claim" that Stauffer has Article III standing to

proceed in this suit, one that shares common issues of law and fact with the main action

and thus warrants permissive intervention. The argument fails, however, because no such

claim exists. Arguably, the government has an interest in resolution of Stauffer's claim

that he has standing to bring this action. But an interest in the outcome of litigation is not

itself a "claim or defense" especially where, as here, the interest is premised on issues

and legal questions not actually presented or decided by the Court. See United States v.

City of New York, 198 F.3d 360, 367-68 (2d Cir. 1999) (affirming denial of permissive

intervention where "the claimed interests of the proposed intervenors, although broadly

related to the subject matter of this action, are extraneous to the issues before the court")

Moreover, even if such an interest could amount to a "claim" for purposes of Rule

24, Brooks Brothers argues it would be unduly prejudiced and the case needlessly

delayed should intervention be allowed. The Court agrees. Post-judgment intervention is

8

"generally disfavored because it fosters delay and prejudice to existing parties." Farmland Dairies v. Comm'r of N.Y. State Dep't of Agriculture & Markets, 847 F.2d 1038, 1044 (2d Cir. 1988). That is particularly true here where the government has already indicted that, if allowed to intervene, it would file a motion for reconsideration raising constitutional questions not previously addressed by the Court and unnecessary to the resolution of the pending action. Briefing those questions would impose needless costs on the parties, result in unnecessary expenditure of judicial resources, and postpone any appeal of this Court's Opinion, thereby fostering both delay and prejudice. The government's motion to intervene pursuant to Rule 24(b) is therefore denied.

### III.    CONCLUSION

Because the Court finds no basis for either granting intervention as of right or by permission, the government's motion is denied.

Dated: New York, New York
       June 15, 2009

SO ORDERED:

Sidney H. Stein, U.S.D.J.