USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/19/12_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND E. STAUFFER, | 08 Civ. 10369 (SHS) |
| Plaintiff, | |
| -against- | OPINION & ORDER |
| BROOKS BROTHERS, INC. AND, RETAIL BRAND ALLIANCE, INC., | |
| Defendants. | |

SIDNEY H. STEIN, U.S. DISTRICT JUDGE.

The question now before this Court is a narrow one: whether the U.S. Constitution prohibits Congress from applying recent amendments to the false patent marking statute, 35 U.S.C. § 292, to pending cases. Pro se plaintiff Raymond E. Stauffer has claimed that defendant Brooks Brothers, Inc. violated section 292 by marking products—specifically, bow ties that Stauffer purchased—with the numbers of two expired patents. While this action was pending, however, Congress amended section 292 in the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, § 16(b), 125 Stat. 284, 329 (Sept. 16, 2011)). Stauffer has conceded that the amendments on their face are retroactively applicable to pending cases, and further that they compel dismissal of his complaint because they (1) eliminate his standing, and (2) leave him with no claim to relief on the merits. (*See* Order dated Apr. 19, 2012 ("OTC") at 1; Dkt. No. 56.) He contends, however, that applying the amendments retroactively violates the Constitution's separation of powers. *Cf. Brooks v. Dunlop Mfg. Inc.*, --- F.3d ---, No. 2012-1164, 2012 WL 6200227, at *1 (Fed. Cir. Dec. 13, 2012) (holding that "retroactive elimination of the *qui tam* provision from § 292 does not violate the Due Process Clause or the Intellectual Property Clause of the Constitution").[1] Thus, the Court ordered

---

[1]     Stauffer's argument is similar to, but distinct from, the due process argument that the U.S. Court of Appeals for the Federal Circuit recently rejected: that "Congress's retroactive elimination of the *qui tam* provision of § 292(b) is arbitrary and irrational because it is tantamount to sanctioning [defendant's] public deception and indemnifying its violation of § 292." *Brooks*, 2012 WL 6200227, at *4.

Stauffer to show cause why Congress could not constitutionally apply those amendments to pending cases. (*See* OTC at 1.) Because the amendments to 35 U.S.C. § 292 in the AIA compel dismissal, and because Stauffer has failed to show that application of the AIA to his claims is unconstitutional, the Court dismisses this action.

## I.   Background

Before addressing Stauffer's contentions, however, the procedural history of this action and the scope of the recent statutory amendments require brief review. In 2009, this Court dismissed this action for lack of standing, finding that Stauffer had not properly alleged that the United States had suffered a cognizable injury assigned to him as qui tam plaintiff. *Stauffer v. Brooks Bros., Inc.*, 615 F. Supp. 2d 248, 251 (S.D.N.Y. 2009). This Court found that Stauffer had not alleged an injury to the government's "'sovereign interest' in seeing its laws followed." *Id.* at 254 n.5 (citation omitted). Section 292 was only violated if a defendant falsely marked the product "for the purpose of deceiving the public." *Id.* (quoting 35 U.S.C. § 292(a)). Stauffer, this Court ruled, had not alleged an injury resulting from deception, and had therefore alleged neither a violation nor an injury to the government's interest in seeing its laws followed. *Id.* The Court also rejected as conclusory Stauffer's allegations that the patent marks chilled competition, resulting in proprietary injuries to the public in the form of increased bow-tie prices. *Id.* at 255.

The Court also denied the subsequent motion of the United States to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(1) and (a)(2). *Stauffer v. Brooks Bros., Inc.*, No. 08 Civ. 10369 (SHS), 2009 WL 1675397 (S.D.N.Y. June 15, 2009). First, absent standing, the constitutionality of the statute was not, and could not be, in question pursuant to subsection (a)(1) and 28 U.S.C. § 2403(a). *Id.* at *3. Second, the government lacked an interest in the outcome of the litigation pursuant to subsection (a)(2) because a determination that Stauffer lacked standing did not decide whether the United States had standing to proceed on its own behalf. *Id.*

On appeal by both Stauffer and the government to the U.S. Court of Appeals for the Federal Circuit, that court found that a violation of the statute, regardless of whether an injury resulted from actual deception,

2

constituted an injury to the government's interest in compliance with the laws, *Stauffer v. Brooks Bros., Inc.* ("*Stauffer III*"), 619 F.3d 1321, 1326-27 (Fed. Cir. 2010), and remanded the action with instructions to consider whether Stauffer had adequately pled Brooks Brothers' intent to deceive the public "with sufficient specificity to meet the heightened pleading requirements for claims of fraud," *id.* at 1323. Regarding the government's right to intervene, the Federal Circuit concluded that the government's interests in the outcome included not only its ability to enforce the laws but also its share of the fine that Stauffer might win. *Id.* at 1329. Because the government met the remaining criteria for intervention, the Federal Circuit reversed the denial of the motion to intervene. *Id.*

Subsequent to the reversal and remand, however, Congress passed the AIA, effectively superseding the prior rulings on Stauffer's standing and the primary case on which he had relied to support the merits of his claims, *see Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1362 (Fed. Cir. 2010) (holding that products "marked with expired patent numbers are falsely marked" pursuant to section 292). *See generally Brooks*, 2012 WL 6200227, at *1 (explaining amendments to section 292).

Specifically, Congress amended section 292 in three relevant ways; each change forecloses Stauffer's suit. First, the AIA eliminated the qui tam provision that permitted private citizens to sue as relators for false patent markings, providing that "[o]nly the United States may sue for the penalty." 35 U.S.C. § 292(a). Thus, Stauffer can no longer sue to remedy injury to the United States. Second, it provided that only one "who has suffered a competitive injury as a result of a violation of [section 292] may file a civil action . . . for recovery of damages adequate to compensate for the injury." 18 U.S.C. § 292(b). Because Stauffer is a consumer of Brooks Brothers' allegedly infringing bow ties, not a competitor, he lacks statutory standing pursuant to subsection (b). Third, Congress clarified that "[t]he marking of a product, in a manner described in subsection (a), with matter relating to a patent that covered that product but has expired is not a violation of this section." 18 U.S.C. § 292(c). This change rejects Stauffer's claims on the merits.

## II.    Discussion

Stauffer contends that Congress, by retroactively applying the AIA to his claims, has usurped the President's pardon power, *see* U.S. Const. art. II, § 2, cl. 1, and thus violated the Constitution's separation of powers. Stauffer describes new subsection (c) as a "pardon" as follows: just as if it were pardoned, Brooks Brothers acted in a way that was illegal, but it can no longer be punished because Congress retroactively declared that those acts are not illegal. This line of reasoning is patently flawed, as follows.

First, even assuming that violations of the statute were criminal and further assuming that the amendments effectively pardon violators for certain acts, the U.S. Supreme Court has rejected precisely Stauffer's reasoning—in the case on which he relies. In *Brown v. Walker*, the petitioner challenged the constitutionality of a statute that effectively pardoned witnesses for crimes about which they testified. 161 U.S. 591 (1896). The Court found that the statute, "securing to witnesses immunity from prosecution, is virtually an act of general amnesty, and belongs to a class of legislation which is not uncommon either in England or in this country." *Id.* at 601 (citation omitted). The petitioner in *Brown* had contended, as Stauffer now contends, that "the statute was an attempt to exercise the power of pardon which was a power not delegated to Congress." *Ullmann v. United States*, 350 U.S. 422, 438 n.13 (1956) (discussing *Brown*). But the Court rejected that argument and confirmed Congress' power to pass acts of general amnesty. *Brown*, 161 U.S. at 601. "Although the Constitution vests in the President 'power to grant reprieves and pardons for offenses against the United States, except in cases of impeachment,' this power has never been held to take from Congress the power to pass acts of general amnesty . . . ." *Id.* (quoting U.S. Const. art. II, § 2, cl. 1). Thus, even assuming that the amendments here effectively immunize certain law breakers, Congress may do so without encroaching on the President's exclusive powers. Indeed, contrary to Stauffer's suggestion that Congress has usurped a power of the Executive Branch, the elimination of qui tam standing places the authority to seek section 292(a)'s penalty solely in the hands of the Executive.

4

Second, the separation-of-powers cases on which Stauffer relies concern acts of Congress that vitiate the effect of a pardon the President has issued—not acts that circumscribe a statute's prohibitions. In *United States v. Klein*, for example, the Court invalidated a Reconstruction-era statute that effectively nullified one effect of a presidential pardon by establishing a rule of decision for certain cases that rendered a pardon insufficient proof of past loyalty to the Union. 80 U.S. 128, 146-48 (1872); *see also, e.g., Ex parte Garland*, 71 U.S. 333, 381 (1866) (striking statute down because it sought to "inflict punishment beyond the reach of executive clemency" by requiring petitioner to swear he had not undertaken criminal acts that the President had pardoned). By contrast, the AIA does not undermine the President's authority to pardon. Congress does not harm the Constitution's separation of powers when—through the constitutionally prescribed process of bicameral passage and presentment to the President—it limits the reach of a previously enacted statute and ceases delegating the standing of the government to private parties to act as qui tam relators.

Perhaps sensing that his constitutional arguments fail, Stauffer raises a new claim in his reply memorandum of law.[2] However, a party cannot raise

---

[2]   In his forty-one page reply submission, plaintiff also attempts to retreat from his explicit concessions that he lacks both standing and a claim on the merits pursuant to the amendments. (*See* Pf. Pro Se's Reply Mem. at 19-30; Dkt. No. 68.) The following exchange took place at the court conference after Congress amended section 292:

> THE COURT: . . . . You agree with me that you don't have standing under the act.
> MR. STAUFFER: Under the act, yes, sir.
> THE COURT: You agree with me that you have no claim for relief under the act.
> MR. STAUFFER: Yes, your Honor.
> THE COURT: And you agree with me that the act states it applies to your case.
> MR. STAUFFER: Yes, sir.
> THE COURT: Do you agree with me, then, that the only remaining issue is whether Congress had the ability under the Constitution to make the act effective to cases that were pending on the date of the enactment of the act? . . . .
> MR. STAUFFER: I think Congress was within its rights to pass the act prospectively against future claims.

new claims in a reply brief. *Cantor Fitzgerald v. Lutnick*, 313 F.3d 704, 711 n.3 (2d Cir. 2002); *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999); *DSND Subsea AS v. Oceanografia, S.A. de CV*, 569 F. Supp. 2d 339, 347 (S.D.N.Y. 2008).[3] Even if plaintiff could do so, he lacks standing. Stauffer contends that he has standing because he suffered a "competitive injury," *see* 35 U.S.C. § 292(b), when he purchased defendant's bow ties on the grounds that Brooks Brothers' deceptive patent marking practices allegedly chilled competition and thus inflated the price plaintiff paid for his bow ties. However, a "competitive injury"—which is specifically required by the amendments to section 292—is one suffered as a defendant's *competitor*, not as its *customer*. *See Brooks*, 2012 WL 6200227, at *3 ("AIA's amendments to § 292" eliminated plaintiff's standing because he "is not a competitor of [defendant]"); *see also Fisher-Price, Inc. v. Kids II, Inc.*, No. 10-CV-00988A(F), 2011 U.S. Dist. LEXIS 146553, at *27-29 (W.D.N.Y. Dec. 21, 2011) (section 292(b) provides "for a 'competitive injury' claim to be brought by a party seeking to gain entry into a market that has been wrongfully blocked by a competitor's falsely marking . . . products with inapplicable patent markings," *id.* at *27).

Indeed, as the Federal Circuit recently explained, "Congress was particularly concerned with the perceived abuses and inefficiencies stemming from false marking claims that were initiated before the AIA was signed into law." *Brooks*, 2012 WL 6200227, at *5 (citation omitted). Thus, "by making the elimination of the *qui tam* provision of § 292(b) retroactive, Congress 'was in

---

THE COURT: But not against your claim.
MR. STAUFFER: Not against my pending claim, yes, sir.

(Tr. of Pretrial Conference dated Apr. 19, 2012 at 10:5-25.) In addition, Stauffer's first submission in response to this Court's April 19, 2012 order directing plaintiff to show cause why this action should not be dismissed on the basis of the amendments, "concede[d] that under new §292 Stauffer would have no case on the merits." (Pf. Pro Se's Mem. in Resp. to OTC at 2; Dkt. No. 62.)

[3]   Stauffer's reply also presents several new arguments that the amendments are unconstitutional if applied retroactively. The Court need not discuss all of Stauffer's constitutional arguments; they are improperly raised for the first time in his reply, and each is irrelevant to this case, meritless, or both.

significant part attempting to reduce the litigation expenditures in the large number of complaints filed, but not yet subject to a final judgment.'" *Id.* (citation omitted). Congress simply determined that it was bad policy to continue to delegate the government's standing to private citizens.

### III.   Conclusion

Accordingly, the Court finds that the recent amendments to section 292 in the America Invents Act eliminate plaintiff's standing to bring this action and leave him with no claim to relief on the merits. In addition, the retroactive application of amendments does not violate the U.S. Constitution's separation of powers. Thus, this action is dismissed and the Clerk of Court is directed to close the case.

Dated: New York, New York
      December 19, 2012

SO ORDERED:

Sidney H. Stein, U.S.D.J.